IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Mindy N. Neal, | ) | C/A No. 0:18-262-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Cigniti Technologies, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Mindy N. Neal, filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq. against the defendant, her former employer. Her Complaint asserts causes of action under Title VII based on discrimination due to race, national origin, and gender; retaliation; and hostile work environment. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion to dismiss for lack of jurisdiction or improper venue or, in the alternative, to transfer. (ECF No. 8.) Neal filed a response in opposition (ECF No. 11), and the defendant replied (ECF No. 12). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion to dismiss for lack of personal jurisdiction should be granted.

## ISSUE PRESENTED

The defendant's motion raises the question whether, in a Title VII case, a court has specific personal jurisdiction over a defendant who has no connection to the forum state other than remotely employing a person who happens to reside there and communicating with her by email and telephone. On this record, the court concludes that it does not.



## DISCUSSION

The plaintiff has the burden of proof when a defendant challenges personal jurisdiction. See In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997). When the court addresses the issue on the pleadings without a hearing, "the burden on the plaintiff is simply to make a prima facie showing of a jurisdictional basis in order to survive the jurisdictional challenge." Combs v. Bakker, 886 F.2d 673, 675 (4th Cir. 1989). In deciding such a motion, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id. at 676.[1]

Two conditions must be satisfied to validly assert personal jurisdiction over a nonresident defendant. Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must not "overstep the bounds" of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Anita's New Mexico Style Mexican Food, Inc. v. Anita's Mexican Foods Corp., 201 F.3d 314, 317 (4th Cir. 2000). South Carolina's long-arm statute provides:

---

[1] Plaintiff incorrectly argues it is premature to consider evidence from the parties when ruling on a motion pursuant to Rule 12(b)(2). See Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016) (providing a district court may consider affidavits when ruling on challenges to personal jurisdiction). Plaintiff may not solely rely on the allegations in her pleading to establish jurisdiction when the defendant introduces contradictory evidence. See Clark v. Remark, 993 F.2d 228 (4th Cir. 1993) (unpublished table opinion) ("The plaintiff, however, must present affidavits or other evidence if the defendant counters plaintiff's allegations with evidence that minimum contacts do not exist.") (citing Barclays Leasing, Inc. v. Nat'l Bus. Sys., Inc., 750 F. Supp. 184, 186 (W.D.N.C. 1990)); Wolf v. Richmond Cty. Hosp. Auth., 745 F.2d 904, 908 (4th Cir. 1984) ("In ruling on a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, except insofar as controverted by the defendant's affidavit, must be taken as true.") (quoting Black v. Acme Markets, Inc., 564 F.2d 681, 683, n.3 (5th Cir. 1977)).



> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's:
>> (1) transacting any business in this State;
>> (2) contracting to supply services or things in the State;
>> (3) commission of a tortious act in whole or in part in this State;
>> (4) causing tortious injury or death in this State by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;
>> (5) having an interest in, using, or possessing real property in this State;
>> (6) contracting to insure any person, property, or risk located within this State at the time of contracting;
>> (7) entry into a contract to be performed in whole or in part by either party in this State; or
>> (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

S.C. Code Ann. § 36-2-803(a). Courts have construed South Carolina's long-arm statute to extend to the outer limits allowed by the Due Process Clause. Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002). Thus, the dual jurisdictional requirements collapse into a single constitutional inquiry as to whether defendants have "certain minimum contacts" with the forum, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" McNeil v. Sherman, No. 2:09-cv-979-PMD, 2009 WL 3255240, *2 (D.S.C. Oct. 7, 2009) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citations omitted)).

Minimum contacts exist if "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1990). The analysis depends on whether general or specific jurisdiction is alleged. See generally ESAB Group v. Centricut, 126 F.3d 617, 623-24 (4th Cir. 1997). General jurisdiction applies when a defendant's activities in the state are "continuous and systematic," even if they do not relate to the specific conduct giving rise to the complaint. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); see also Daimler AG



v. Bauman, 571 U.S. 117 (2014).  However, when a complaint arises directly out of the defendant's contacts with the forum, a court may seek to exercise specific jurisdiction on proof that the defendant purposefully directed activities toward the state and the litigation results from alleged injuries that arise out of, or relate to, those activities.  See J. McIntyre Machinery, Ltd. v. Nicastro, 564 U.S. 873, 881 (2011); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985).

Here, Neal relies exclusively upon specific jurisdiction.[2]  When evaluating the propriety of exercising specific jurisdiction, the Fourth Circuit has applied a three-part test:  (1) whether and to what extent the defendant "purposely availed" itself of the privileges of conducting activities in the forum state, and thus invoked the benefits and protections of its laws; (2) whether the plaintiff's claims arise out of those forum-related activities; and (3) whether the exercise of jurisdiction is constitutionally "reasonable."  Nolan, 259 F.3d at 215-16 (citing Helicopteros, 466 U.S. at 415-16, and Burger King Corp., 471 U.S. at 472, 476-77).  The central question behind the first inquiry is whether a defendant has performed purposeful acts in the forum to create a substantial relationship with the forum state.  See Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, 229 F.3d 448, 451 (4th Cir. 2000); ESAB Group, 126 F.3d at 623.   Furthermore, as the United States Supreme Court has explained:

> The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation. . . .  [T]he defendant's suit-related conduct must create a substantial connection with the forum State. . . .  First, the relationship must arise out of contacts that the defendant *himself* creates with the forum State. . . .  Second, our minimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there. . . .  [T]he plaintiff cannot be the only link between the defendant and the forum.  Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its

---

[2] (See Pl.'s Mem. Opp'n Mot. Dismiss at 3, ECF No. 11 at 3) (conceding that the court lacks general jurisdiction over Cigniti).



>      jurisdiction over him. . . . To be sure, a defendant's contacts with the forum State
>      may be intertwined with his transactions or interactions with the plaintiff or other
>      parties. But a defendant's relationship with a plaintiff or third party, standing alone,
>      is an insufficient basis for jurisdiction.

Walden v. Fiore, 571 U.S. 277, 283-86 (2014) (internal quotations and citations omitted).

In the present case, taking the jurisdictional facts in the light most favorable to the plaintiff, Neal nonetheless fails to make a *prima facie* showing of personal jurisdiction. The unrefuted jurisdictional facts show that Neal worked remotely for the defendant—a Texas and Delaware corporation—from her home in South Carolina, performing services that supported Cigniti's business in Alabama. (See Farrell Aff. at 1, ECF No. 8-2 at 1.) Although Neal relies primarily on the fact that she participated in email and telephone communications with Cigniti while she was physically present in South Carolina, such contacts alone in these circumstances are insufficient. Compare Nolan, 259 F.3d at 216 (finding a non-resident defendant's emails containing infringing trademarks that were sent to forum state resident were sufficient to establish minimum contacts) with Consulting Eng'g Corp. v. Geometric Ltd., 561 F.3d 273, 280 (4th Cir. 2009) (finding that dozens of phone and email communications by the non-resident defendant into the forum state were insufficient to establish that the defendant purposefully availed itself to the jurisdiction of the forum state). Here, Cigniti cannot be said to have performed purposeful acts to create a substantial connection with the forum state simply because it sent communications to Neal, who fortuitously happened to be in South Carolina through no purposeful act of Cigniti. Compare Connell v. CIMC Intermodal Equip., C/A No. 1:16-CV-714, 2016 WL 7034407, at *3 (M.D. Pa. Dec. 2, 2016) (finding no personal jurisdiction where, even though the defendant knew the plaintiff worked out of his home office in Pennsylvania, the defendant hired the plaintiff to do work in California and did not direct the plaintiff to work in Pennsylvania) and Eddy v. Ingenesis, Inc., No. 13-0888, 2014 WL

1672939, at *4 (W. Va. Apr. 25, 2014) (finding no personal jurisdiction under state law where the defendant Texas corporation hired the plaintiff who worked from her home office in West Virginia to manage services provided in Texas and Arizona) with <u>Cossart v. United Excel Corp.</u>, 804 F.3d 13, 18-19 (1st Cir. 2015) (finding personal jurisdiction over a Kansas corporation that provided the plaintiff with business equipment to work from her home in Massachusetts and registered in Massachusetts to establish a "general contracting sales office" there) and <u>Chadwick v. St. James Smokehouse, Inc.</u>, Docket No. 14-2708-WJM-MF, 2015 WL 1399121, at *4-5 (D.N.J. Mar. 26, 2015) (finding sufficient minimum contacts in a diversity contract case where the defendant Florida corporation purchased and shipped office equipment to New Jersey where it hired the plaintiff to remotely perform essential functions of the business; sold its product to New Jersey businesses; and used a New Jersey court to collect an unpaid debt).

Moreover, even if the circumstances established that mail and telephone communications were sufficient to demonstrate sufficient minimum contacts, the plaintiff's claims must arise out of those communications for specific jurisdiction to lie. See <u>Nelligan v. Zaio Corp.</u>, C/A No. 10-cv-1408 (FLW), 2011 WL 1085525, at *3 (D.N.J. Mar. 21, 2011); <u>Nolan</u>, 259 F.3d at 216.  Here, the plaintiff has demonstrated no nexus between those communications and the alleged discriminatory conduct giving rise to Neal's Title VII claims.  Similarly, although Neal hints that specific jurisdiction may be exercised here because the contract for the performance of her services was accepted in South Carolina, this fact alone, even if true, is insufficient.  First, while Neal expressly relies on subsection (7) of the long-arm statute, she has presented no facts to dispute the defendant's showing that the contract called for Neal to *perform services in Alabama*.  Second, she raises no claim arising out of that contract.  Rather, all of her claims arise out of alleged violations of federal anti-discrimination laws.  See <u>Nelligan</u>, 2011 WL 1085525, at *3 (discussing why email and

telephone contacts sent by a defendant to a plaintiff in a discrimination case did not support specific personal jurisdiction and distinguishing a contract case where such contacts were found to be sufficient because the contract claim arose from the communications); see also Walden, 571 U.S. at 290 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").

## RECOMMENDATION

Neal has not met the requisite elements to establish specific personal jurisdiction, as she has not shown that the defendant's contacts with South Carolina upon which she relies (1) were purposely directed at the forum state so as to avail the defendant of the privileges of conducting activities here, or (2) gave rise or relate to her claims. Consequently, the court cannot say that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). Accordingly, the defendant's motion should be granted, and this action should be dismissed without prejudice under Rule 12(b)(2).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 9, 2018
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).